# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BEAU MICHAEL ROSE,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 20-CV-4062 CJW-MAR<br><br><br>**ORDER ON REPORT AND RECOMMENDATION** |

_____

## I. INTRODUCTION

This matter is before the Court on an August 12, 2022 Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 28). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Beau Michael Rose's ("claimant") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (*Id.*, at 1). On August 26, 2022, claimant filed a timely objection to Judge Roberts' R&R. (Doc. 29). The Commissioner has not responded, and the deadline for a response has expired.

For the following reasons, the Court **overrules** claimant's objections (Doc. 29), **accepts** Judge Roberts' R&R without modification (Doc. 28), and **affirms** the decision of the Commissioner.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . .."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (citation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citation omitted).

To determine whether the Commissioner's decision meets this standard, the court "consider[s] all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both "evidence [which] supports the Commissioner's decision [and] evidence that detracts from it." *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's]

denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*

*City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

On October 11, 2019, claimant applied for Social Security benefits, alleging he was disabled due to traumatic brain injury, chronic neuritis or labyrinthitis, chronic migraines, chronic vertigo, and balance disorder. (AR 12, 17, 21).[1] On February 3, 2020, and March 6, 2020, the Commissioner denied claimant's application originally and upon request for reconsideration. (AR 12; 60, 62-72, 73, 75-86). On July 13, 2020, ALJ Matthew Bring held a hearing on claimant's application. (AR 8-12; 25-29).

On August 4, 2020, the ALJ found claimant was not disabled. (AR 12-21). The ALJ found claimant suffered from the following severe impairments: degenerative disc disease of the lumbar spine, left vestibular balance disorder, a seizure disorder, and migraines. (AR 14). The ALJ considered claimant's other conditions, including his traumatic brain injury, posttraumatic stress disorder, and depression but found they did not cause significant functional deficits and were thus not severe. (AR 15). Based on claimant's severe impairments and the medical record as a whole, the ALJ determined claimant had the following residual functional capacity ("RFC"):

---

[1] "AR" refers to pages in the administrative record.

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR [§] 404.1567(b) within the following parameters: the [C]laimant can never climb ladders, ropes or scaffolds; occasionally climb stairs or ramps; occasionally balance, stoop, kneel, crouch and crawl; never drive a motor vehicle as part of his job duties; never work around hazards (such as dangerous moving machinery and unprotected heights); and can work in an environment with no more than a moderate noise level (as defined in the SCO).

(AR16). With this RFC, the ALJ found claimant could still perform his past work as a data entry clerk and, based on testimony by a vocational expert, could also work as a housekeeping cleaner and cafeteria attendant. (AR 19-21). Thus, the ALJ found claimant was not disabled. (AR 21).

On November 4, 2020, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-4).

On December 30, 2020, claimant filed his complaint with this Court. (Doc. 1). By February 21, 2022, the parties had fully briefed the issues. (Docs. 22, 25, 26). On February 23, 2022, the Court deemed the case ready for decision and referred it to Judge Roberts for an R&R. (Doc. 27).

In his brief before Judge Roberts, claimant argued the ALJ erred in three ways. Claimant argued the ALJ erred by (A) rejecting claimant's subjective allegations of disability; (B) rejecting the opinions of Dr. Rick Jensen, a treating source; and (C) making a flawed RFC determination and improperly relying on an incomplete hypothetical question to the vocational expert. (Doc. 22). As to the first alleged error, claimant asserted the ALJ relied too heavily on claimant's daily activities and failed to properly consider the medical evidence in making his credibility determinations. (*Id.*, at 4-6). As to Dr. Jensen, claimant asserted the ALJ erred in disregarding Dr. Jensen's opinion that claimant "might find it difficult to concentrate at times doing things on the computer."

(*Id.*, at 8). Last, claimant argued that the ALJ's RFC and question to the vocational expert were flawed because they did not account for all of claimant's impairments and functional limitations. (*Id.*, at 8-12).

In his R&R, Judge Roberts found that the ALJ properly discounted claimant's subjective complaints and fully considered the medical evidence that showed they were inconsistent with claimant's subjective complaints. (Doc. 28, at 9-11). Judge Roberts also found that the ALJ did not err in giving appropriate weight to Dr. Jensen's opinions. (*Id.*, at 13-15). Last, Judge Roberts found the ALJ's RFC and hypothetical question to the vocational expert were fully supported by the record as a whole. (*Id.*, at 16-18).

## IV. CLAIMANT'S OBJECTIONS TO THE R&R

In his objections to Judge Roberts' R&R, claimant asserts that Judge Roberts erred on all three issues. (Doc. 29). Claimant argues that Dr. Jensen's opinion "is supported by the objecting [sic] medical tests performed in July 2018" and that "the ALJ only considered them to the point of limiting [claimant] to a less than full range of light work." (*Id.*, at 5). Claimant further argues that "[t]he ALJ failed to see that Dr. Jensen's report was supported by the objective medical testing performed and incorrectly discounted that his opinion, which is supported by the objective medical facts." (*Id.*). Thus, claimant argues that Judge Roberts erred by "not giving controlling weight to Dr. Jensen's opinion." (*Id.*). In support, claimant attached a publication as exhibit A to his objections. (*Id.*, at 8-15).

Claimant further alleges the ALJ erred in finding that claimant's vestibulopathy/balance disorder "only restricts his driving and work place hazards and his residual functional capacity." (*Id.*, at 6). Claimant asserts that the ALJ "mistakenly conclude[d] that the objective medical evidence . . . supports a residual functional capacity that he can perform his past sedentary job and perform full range of light skills." (*Id.*). Claimant argues that the ALJ "misse[d] the significance of his 52% objective test

6

results for his vestibular system and misse[d] the significance of Dr. Jensen's report of March 30, 2020." (*Id.*). Thus, claimant argues "[t]he ALJ's residual functional capacity assessment is not supported by Dr. Jensen, is not supported by objective studies and is not supported by claimant's testimony." (*Id.*). Claimant argues, therefore, that the "hypothetical questions that the ALJ relied upon fails and the entire matter at the very least needs to be remanded for a new hearing." (*Id.*).

## V. DISCUSSION

### A. *Claimant's Defective Objections to the R&R*

The Court first notes that claimant's objections to Judge Roberts' R&R are deficient because he fails to identify any error in fact or law by Judge Roberts; rather, claimant's complaints remain focused on the findings of the ALJ, and claimant only disagrees with Judge Roberts' ultimate conclusion. As such, claimant's objections fail to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file specific, written objections to the . . . report and recommendation . . . ." (emphasis added). *Accord* FED. R. CIV. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)).

Here, claimant's objections are not specific. In essence, claimant asks the Court to reverse the Commissioner's decision for the reasons already argued to, and addressed by, Judge Roberts. Although claimant ostensibly takes issue with three conclusions in the R&R, he raises no specific deficiency in Judge Roberts' analysis. Claimant's objections do little more than reiterate his arguments that Judge Roberts previously rejected without offering any new analysis. The Court is left to guess, then, where Judge Roberts allegedly erred. Claimant points to no specific errors, and does not cite to the record at all to support his generalized objection to Judge Roberts' R&R. Indeed, claimant's objections require the Court to duplicate the work Judge Roberts has already

done, thus defeating the entire purpose of the R&R. Claimant's objections are akin to making no objection at all.

Indeed, the Court would be well within its discretion in treating claimant's objections as if none were made at all. *See, e.g.*, *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that a number of circuits hold that a "district court need not conduct a de novo review" of a magistrate's order where the objecting party makes only a general, conclusory objection. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). The Eighth Circuit Court of Appeals has also noted that "[t]here is language in [*Branch v. Martin*, 886 F.2d 1043 (8th Cir. 1989)] which indicates this Circuit's approval of such an exception." *Belk*, 15 F.3d at 815 (citing *Branch*, 886 F.3d at 1046 ("In the present case, plaintiff's objections to the magistrate's factual conclusions were timely filed and specific enough to trigger *de novo* review." (further citations omitted))). Still, the Eighth Circuit Court of Appeals has suggested that, in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review more liberally, even in the face of general objections. *See id.* (holding that a pro se litigant's objections were "definite enough" to trigger de novo review of a concise record); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995)

8

(holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors").

Here, claimant was represented by an experienced attorney, Wil Forker, and the record is relatively lengthy, yet claimant offers nothing more than a conclusory objection to Judge Roberts' R&R. When this same attorney previously filed similarly defective objections to R&Rs in Social Security cases, this Court has called out the attorney for the defective objections. *See Buckley v. Saul*, No. 18-CV-4070-CJW-MAR, 2019 WL 4192737, at *5 (N.D. Iowa Sept. 4, 2019); *Whited v. Colvin*, No. C13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Out of an abundance of caution, and for the benefit of claimant, the Court will conduct a de novo review of each ground claimant raised in his appeal of the ALJ's decision in this case. Nevertheless, counsel is warned, **for the third and last time**, that in the future the Court will treat conclusory objections to a magistrate judge's R&R for clear error.

Claimant's attorney also attached an exhibit to his brief. This is not permitted. This Court is reviewing an R&R, which in turn reviewed an ALJ's decision based on the record developed before the ALJ. This exhibit was not presented to Judge Roberts. "[T]he 'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'" *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000) (quoting *Reciprocal Exch. v. Noland*, 542 F.2d 462, 464 (8th Cir. 1976)). "[A] claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review . . . [a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted). Before a magistrate judge, parties must not take "only their 'best shot' but all of their shots." *Id.* (citation omitted). Therefore, it would

be improper to consider this new exhibit, and the Court will disregard it. Further, this Court is not in the role of finding facts in the review of an ALJ's decision. In social security cases, district courts act as courts of review of administrative actions before the Commissioner. Thus, it is improper to submit exhibits to this Court just as it would be improper to submit exhibits to the court of appeals.

### B. *Weight Afforded Dr. Jensen's Opinion*

Claimant argues that Judge Roberts erred in finding the ALJ relied on an adequate examination by a consulting physician. (Doc. 29, at 5-6). Claimant focuses on tests Dr. Jensen performed in July 2018[2] that claimant asserts support Dr. Jensen's opinion about claimant's limitations, and in particular that claimant "might find it difficult to concentrate at times doing things on the computer." (*Id.*, at 5).

In reviewing the ALJ's weighing of Dr. Jensen's opinion, Judge Roberts noted:

> On March 30, 2020, Dr. Jensen provided a treating source statement for Claimant in the form of a letter addressing Claimant's left vestibulopathy. In the statement, Dr. Jensen opined:
>
>> [Claimant] has had issues with dizziness and balance for several years now. He's had a couple VNGs done which show a weakness in his left vestibular system. Last one was done June 2019 which showed a 52% weakness on his left side. . . . And from the previous VNGs, this is progressive. And with these current flareups, I think it probably shows that his weakness is getting worse in the left ear. I don't think this is a reversible process. And this will be a lifetime issue for him. I think there are issues with him working. And I would not trust him doing any manual type labor. And he might find it difficult to concentrate at times doing things on the

---

[2] Although claimant references July 2018 tests, the record references tests in June 2019 that reflect the limitations claimant references in his brief. (AR 18). The only reference to July 2018 is to a Residual Functional Capacity Form that claimant wanted Dr. Jensen to complete. (AR 274). The Court assumes claimant's reference to July 2018 "tests" is a typographical error.

10

computer.  And I would not recommend him driving alone.
And if this gets worse, consider not driving at all. . . .

(AR at 581.)  The ALJ made the following summary and assessment of Dr. Jensen's opinion:

> [C]laimant is also diagnosed with left vestibulopathy. Vestibular testing performed in June 2019 demonstrated 52% vestibular weakness of the left ear, and no change compared to 2017 evaluation. (Exhibit B1F/3). In March 2020, Rick C. Jensen, MD, at Sanford Clinic Ear, Nose and Throat, completed a treating source statement. (Exhibit B7F). Dr. Jensen noted the [C]laimant has experienced dizziness and balance issues for several years. Dr. Jensen opined against the [C]lainamt [sic] performing manual type labor and driving alone. He also opined the [C]laimant could experience difficulty concentrating at times when doing things on the computer. (Exhibit B7F[AR 581]).

(*Id.* at 18.)  In determining Claimant's RFC, the ALJ took into consideration Claimant's left vestibulopathy and limited Claimant "to less than the full range of light work. . . . [C]laimant can never climb ladders, ropes or scaffolds. . . . Secondary to left vestibulopathy, he can never drive a motor vehicle as part of his job duties. He can never work around hazards, defined as dangerous moving machinery and unprotected heights." (*Id.* at 19.)  The ALJ stated that Claimant's RFC is "supported by the objective medical evidence, including imagining studies, physical examinations, the opinions of the DDS consultants and Dr. Rick Jensen, as well as the [C]laimant's allegations and his hearing testimony." (*Id.*)  Additionally, in finding that Claimant's mental impairments were nonsevere, the ALJ determined that Claimant had a mild limitation in concentrating, persisting, and maintaining pace due to Dr. Jensen's opinion that Claimant might have difficulty concentrating while doing things on a computer. (*Id.* at 15.) (Doc. 28, at 13-14).

11

Judge Roberts found that the ALJ did not err, that the ALJ considered Dr. Jensen's opinions about claimant's left vestibulopathy and properly limited claimant to light work. (*Id.*, at 14). Judge Roberts found it also evident that the ALJ considered Dr. Jensen's opinion about claimant's ability to concentrate using a computer, even though the ALJ did not specifically address supportability and consistency. (*Id.*, at 14-15). This is because Judge Roberts found: (1) that "nothing in Dr. Jensen's treatment notes addresses or supports his opinion that Claimant would have difficulty while working on a computer;" (2) there was no support for this conclusion from any other medical records; (3) claimant pointed to nothing in the record that supports this conclusion; (4) any error would be harmless; and (5) a "deficiency in [the ALJ's] opinion writing that had no practical effect on the decision . . . is not a sufficient reason to set aside the ALJ's decision." (*Id.*, at 15) (citation omitted).

The Court agrees with Judge Roberts' findings. "[A]n ALJ must give a treating physician's opinion controlling weight if it is well-supported by medical evidence and not inconsistent with the substantial evidence in the record." *Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020). If the ALJ finds a treating physician's opinion does not deserve controlling weight, the ALJ must provide "good reasons" for their decision. *Id.* In doing so, the ALJ "must be sufficiently specific to make [their reasoning] clear to any subsequent reviewers[.]" *Id.* "'Absent some explanation for finding an inconsistency where none appears to exist,' [courts] will not fill in the gaps for the ALJ." *Id.* (quoting *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005)) (original alteration omitted).

Here, upon the Court's de novo review of the record, there is nothing in Dr. Jensen's medical records, nor the other medical records, that support Dr. Jensen's assertion that claimant might have difficulty concentrating on a computer. The only reference to a computer in Dr. Jensen's records is to a June 2016 report that claimant "passed out while he was working at his computer." (AR 397, 407, 470, 477).

Otherwise, Dr. Jensen's notes are completely devoid of any reference to a computer and there is no reference whatsoever to claimant having difficulty concentrating in front of or not in front of a computer. Nor could the Court find any support of this limitation in any other medical record, and claimant points to nothing in the record.

Further, the record shows that the ALJ fully considered Dr. Jensen's opinion about claimant's vestibular condition and Dr. Jensen's opinion that it "might make it difficult for [claimant] to concentrate when doing things on the computer." (AR 15).[3] In so doing, the ALJ found "claimant has a mild limitation in concentrating, persisting, or maintaining pace." (*Id.*). Dr. Jensen's opinion does not suggest any greater severity or limitation. There is nothing in the ALJ's opinion suggesting that he did not fully afford weight to Dr. Jensen's opinion about the possibility that claimant might have some difficulty with concentration. He simply found that the opinion expressed a mild, but not severe, limitation.

In any event, any error in the ALJ's analysis here is harmless. Although it is possible that claimant's limited difficulty in concentration could affect his ability to perform his past work in data entry, there is no basis to believe it would affect his ability to perform the other jobs the vocational expert found claimant could perform: a housekeeping cleaner and cafeteria attendant. (AR 19-21). The vocational expert opined that there were 926,960 housekeeping cleaner jobs and 477,270 cafeteria attendant jobs nationwide (a total of more than 1.4 million jobs nationwide). (AR 20). Thus, even if the ALJ erred and should have found claimant's possible limitation in concentrating on a computer constituted a "severe" limitation that needed to be addressed in his RFC, there is no reason to believe that the ALJ would find claimant disabled when the ALJ found that claimant was able to perform jobs available in abundance in the national economy.

---

[3] The ALJ again referenced this opinion when reviewing the medical records. (AR 18).

To the extent claimant makes broad assertions that the ALJ erred in finding that claimant's severe vestibulopathy/balance disorder only resulted in limitations on driving and work place hazards (Doc. 29, at 6), the Court finds otherwise upon de novo review of the record. The Court will address claimant's subjective complaints next, but the medical records do not support any greater limitation than the ALJ found appropriate here. The ALJ fully reviewed the medical record as a whole and found claimant should be limited to light work with limitations reflecting his vestibulopathy/balance disorder. (AR 16). Contrary to claimant's assertion, the ALJ fully noted and considered the testing showing 52% vestibular weakness in claimant's left ear and Dr. Jensen's March 2020 statement. (AR 18). No further limitations than those the ALJ already found are supported by the medical records as a whole, or Dr. Jensen's records specifically.

Thus, the Court overrules claimant's objection to Judge Roberts' R&R as it pertains to Dr. Jensen's opinions and to the ALJ's RFC finding generally.

### B. *Weight Given to Claimant's Subjective Complaints*

In his R&R, Judge Roberts recommends the Court find the ALJ did not err in evaluating claimant's subjective complaints. (Doc. 28, at 9-11). Claimant asserts that the ALJ erred in this regard (but does not say how). (Doc. 29, at 6). The Court finds that the ALJ did not err in assessing claimant's subjective complaints.

When evaluating the credibility of a claimant's subjective statements, an ALJ must consider: (1) claimant's daily activities; (2) "the location, duration, frequency, and intensity of [claimant's] pain or other symptoms;" (3) precipitating and aggravating factors; (4) "the type, dosage, effectiveness, and side effects of any medication [claimant] take[s] or ha[s] taken to alleviate [claimant's] pain or other symptoms;" (5) "treatment, other than medication, [claimant] receive[s] or ha[s] received for relief of [claimant's] pain or other symptoms; (6) "any measures [claimant] use[s] or ha[s] used to relieve [claimant's] pain or other symptoms . . . ; and" (7) "other factors concerning [claimant's]

14

functional limitations and restrictions due to pain or other symptoms." *See* 20 C.F.R. § 404.1529(c)(3); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ need not explicitly discuss every *Polaski* factor, so long as the ALJ acknowledges and examines each consideration before discounting claimant's subjective complaints. *Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). The ALJ may not discredit claimant's statements solely based on the absence of objective medical evidence but may discount claimant's statements based on objective medical evidence to the contrary or inconsistency with the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 581 (8th Cir. 2002); *Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993).

Like Judge Roberts, the Court finds that the ALJ's decision adequately discussed the factors relevant to the *Polaski* analysis. (Doc. 28, at 11). As Judge Roberts, noted, the ALJ found:

> Claimant's ability to help with cooking, shopping, light household chores, budgeting, and paying bills was inconsistent with Claimant's allegations of disabling physical impairments. (AR at 18.) The ALJ also noted that medical reports dated March 2017 through November 2017 documented Claimant engaging in light jogging on a treadmill, scraping and painting a house, standing on ladders, mowing the lawn, carrying sheetrock upstairs, remodeling a house, and working on his car. (*Id.*)

(Doc. 28, at 11). The Court agrees with Judge Roberts and the ALJ that these daily activities are inconsistent with claimant's subjective disability claims, and the ALJ could properly take that inconsistency into account in weighing claimant's credibility.

Thus, the Court overrules claimant's objection to Judge Roberts' R&R as it pertains to claimant's subjective complaints.

### C. *The ALJ's RFC and Hypothetical Questions to the Vocational Expert*

Claimant makes summary and conclusory assertions that because the ALJ erred in weighing Dr. Jensen's opinion and claimant's own subjective complaints, that the ALJ's

15

RFC is therefore necessarily erroneous, as were the hypothetical questions the ALJ posed to the vocational expert. (Doc. 29, at 4, 6). Because the Court finds no error by the ALJ in weighing Dr. Jensen's opinions or in assessing claimant's subjective complaints, the Court also finds no error in the ALJ's RFC or the questions the ALJ posed to the vocational expert.

Thus, the Court overrules claimant's objections to the R&R on these grounds.

### VI. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 29) to the Report and Recommendation (Doc. 28) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 28) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 2nd day of September, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa